# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **DAN-BUNKERING (AMERICA) INC.** | § | CIVIL ACTION NO. |
| | § | |
| | § | JUDGE |
| | § | |
| | § | MAGISTRATE |
| | § | |
| Versus | § | FRCP Rule 9(h) Claim |
| | § | |
| **ANDINO ALPHA,** *in rem,* | § | |
| **TRANSPORTACION MARITIMA** | § | |
| **MEXICANA, SA DE CV,** *in personam* | § | |

## VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Dan-Bunkering (America), Inc. ("**Plaintiff**" or "**Dan Bunkering**") who files this Verified Complaint against defendants, ANDINO ALPHA, her engines, freight, tackle, appurtenances, apparel, etc. (the "**Vessel**"), *in rem*, and Transportacion Maritima Mexicana, SA de CV ("**TMM**") *in personam*, seeking a warrant of maritime arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, as well as damages in the amount of $560,143.10, plus interest, liquidated damages, and attorney's fees owed under the Dan Bunkering's Standard Terms and Conditions of Sale dated February 1, 2024.

Dan Bunkering respectfully represents upon information and belief as follows:

## JURISDICTION

1.  This is a breach of maritime contract claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Supplemental Rules C for Certain Admiralty and

1

Maritime Claims, Federal Rule of Civil Procedure 9(h), and the supplemental jurisdiction of this Court pursuant to U.S.C. § 1367.

## PARTIES

2. Plaintiff Dan Bunkering is a Delaware corporation with offices located at 440 Louisiana Street, Suite 2100, Houston, TX, 77002 and was, and is, a supplier of bunkers, fuel, and other supplies to vessels.

3. Defendant Vessel is a Cyprus flagged tanker, bearing IMO No. 9254202. The Vessel is now, or will be during the pendency of process hereunder, within this Judicial District and within the jurisdiction of this Honorable Court, and upon information and belief, is or will be in Houston, Texas.

4. Defendant TMM is upon information and belief a Mexican company doing business in Houston, Texas, with its principal place of business located at Calle Lago Alberto No. 442 Torre A Pisso 5 503-A, Colonia Anahuac 1 Seccion Alcaldia Miguel Hidalgo Ciudad de Mexico, C.P. 11320, Mexico. TMM was at all relevant times the charterer of the Vessel.

5. Venue is proper in the Southern District of Texas because the Vessel is located within the district and because the supplies provided by Dan Bunkering to the Vessel took place within the district.

## BRIEF FACTUAL HISTORY

6. Dan Bunkering is in the business of supplying bunkers, diesel fuel, freshwater, and other necessaries to vessels.

A.  **DELIVERY OF BUNKERS ON FEBRUARY 20, 2025 - INVOICE NO. 84449.**

7. On or about February 20, 2025, Dan Bunkering supplied 100.15 MT of Very Low Sulphur Fuel Oil ("**VLSFO**") and 35.23 of Marine Gas Oil ("**MGO**") to the Vessel at Houston, Texas pursuant to Dan Bunkering's Standard Terms and Conditions of Sale dated February 1, 2024 (the "**Standard Terms**"), a copy of which is attached as **Exhibit "1"**. Dan Bunkering caused the VLSFO and MGO to be delivered to the Vessel in Houston, Texas by GCC Supply and Trading. A copy of the Order Confirmation dated January 31, 2025 is attached as **Exhibit "2"**. A copy of the Bunker Delivery Receipt dated February 20, 2025 confirming delivery was signed by the Vessel's chief engineer and is attached as **Exhibit "3"**. When Dan Bunkering delivered the VLSFO and MGO to the Vessel, it relied upon the credit of the Vessel.

8. On or about March 10, 2025, Dan Bunkering issued an invoice (Invoice No. 84449) for the VLSFO, the MGO, and related supplies in the amount of $148,605.12 addressed to "ANDINO ALPHA and/or master and/or … [TMM]." A copy of the invoice is attached as **Exhibit "4".**

9. Payment for Invoice No. 84449 was due on or before May 15, 2025. However, no payment has been made by the Vessel or TMM and the invoice is now outstanding and overdue. Therefore, defendants are in default of their payment obligations to Dan Bunkering for sale of the VLSFO, MGO, and related supplies.

B.  **DELIVERY OF BUNKERS ON MARCH 20, 2025 - INVOICE NO. 84614**

10. On or about March 20, 2025, Dan Bunkering supplied 120 MT of VLSFO and 90 MT of MGO to the Vessel at Galveston, Texas pursuant to Dan Bunkering's Standard Terms. Dan Bunkering caused the VLSFO and MGO to be delivered to the Vessel in Galveston, Texas by

Monjasa, Inc. A copy of the Order Confirmation dated March 11, 2025 is attached as **Exhibit "5"**. A copy of the Bunker Delivery Receipt dated March 20, 2025 confirming delivery was signed by the Vessel's chief engineer and is attached as **Exhibit "6"**. When Dan Bunkering delivered the VLSFO and MGO to the Vessel, it relied upon the credit of the Vessel.

11. On or about March 26, 2025, Dan Bunkering issued an invoice (Invoice No. 84614) for the VLSFO, the MGO, and related supplies in the amount of $241,484.15 addressed to "ANDINO ALPHA and/or master and/or … [TMM]." A copy of the invoice is attached as **Exhibit "7"**. Invoice 84614 remains unpaid. While Dan Bunkering originally provided 90 days from date of delivery in which to pay Invoice 84941, that grant of credit was withdrawn by Dan Bunkering pursuant to Section 5.5 of its Standard Terms when TMM failed to pay Invoice No. 84449. Therefore, Invoice No. 84614 is due and owing.

C. **DELIVERY OF BUNKERS ON APRIL 21, 2025 - INVOICE NO. 84941.**

12. On or about April 21, 2025, Dan Bunkering supplied 99.689 MT of VLSFO and 90.411 MT of MGO to the Vessel at Houston, Texas pursuant to Dan Bunkering's Standard Terms. Dan Bunkering caused the VLSFO and MGO to be delivered to the Vessel in Houston, Texas by Bunker One. A copy of the Order Confirmation dated April 9, 2025 is attached as **Exhibit "8"**. A copy of the Bunker Delivery Receipt dated April 21, 2025 confirming delivery was signed by the Vessel's chief engineer and is attached as **Exhibit "9"**. When Dan Bunkering delivered the VLSFO and MGO to the Vessel, it relied upon the credit of the Vessel.

13. On or about April 24, 2025, Dan Bunkering issued an invoice (Invoice No. 84941) for the VLSFO, the MGO, and related supplies in the amount of $170,053.83 addressed to "ANDINO ALPHA and/or master and/or … [TMM]." A copy of the invoice is attached as

**Exhibit "10".** Invoice 84941 remains unpaid. While Dan Bunkering originally provided 90 days from date of delivery in which to pay Invoice 84941, that grant of credit was withdrawn by Dan Bunkering pursuant to Section 5.5 of its Standard Terms when TMM failed to pay Invoice No. Invoice No. 84449. Therefore, Invoice No. 84941 is due and owing.

14. The total amount of unpaid invoices owed to Dan Bunkering is **$560,143.10.**

**D.     TERMS OF THE VLSFO SALE**

15. All bunkers, diesel fuel, freshwater, and diesel oil provided by Dan Bunkering are subject to Dan Bunkering's Standard Terms, a copy of which is attached as **Exhibit 1**. The Standard Terms were specifically incorporated into each of the Order Confirmations. *See* Exhibits 2, 5, and 8.

16. Insofar as is relevant, Dan Bunkering's Standard Terms and Conditions of Sale provide, in part:

> a) **Section 5.4**
>
> Subject to Clause 5.5 payment of the Price shall be due immediately upon delivery of the Products or in all other cases immediately upon an invoice being issued.
>
> b) **Section 5.5**
>
> The Seller may grant credit deferring payment beyond the period stated in clause 5.4, in which case the credit period shall be stated on the Order Confirmation. The granting of credit is in the Seller's discretion and the Seller may withdraw credit at any time and demand immediate payment if the Seller has reason to alter its assessment of the credit risk. Withdrawal of credit shall be by written notice, and Seller need not provide reasons…
>
> c) **Section 5.7**
>
> Without prejudice to any other rights or remedies available to the Seller the Buyer shall pay interest to the Seller on all balances that remain unpaid from the date that they were due or, upon the withdrawal of credit, became due for payment. The rate of interest shall be two percent (2%) per month and the interest shall be compounded monthly for each month, or part thereof. The Seller may issue interest notes which shall be binding as to the

amount of interest due. The Buyer's obligation to pay interest is not conditional upon interest notes being issued.

  d) **Section 5.8**

If the Seller incurs any costs in relation to attempts to collect any overdue sums the Buyer shall indemnify the Seller for those costs and shall pay the same upon first demand. Such costs include but are not limited to attestation and translation costs, fees of third party debt collection agencies, lawyer's fees and communication/postal costs.

  e) **Section 5.3**

If any sum due pursuant to any Contract is not paid within the agreed time or if contrary to the provisions herein payment is withheld or set-off for any reason the Buyer shall pay compensation to the Seller of 20% (twenty per cent) of the outstanding amount. Such compensation is a reasonable pre-estimate of the Seller's loss, considering the additional management time incurred in dealing with late payment, the loss of opportunity to reinvest the missing funds and currency exchange fluctuations. This late payment compensation is payable in addition to the Price and accrued interest.

  f) **Section 13**

13.1 It is agreed and acknowledged that a lien over the Vessel is created for the price of the Products supplied together with any interest accrued. The Buyer, if not the Owner of the Vessel, expressly warrants that they have full authority of the Agents/Traders/Owners/Managers/Operators/Charterers to pledge the Vessel in favour of the Seller and that the Buyer has given notice of the provisions of this Contract to the owners of the Vessel. The Seller shall not be bound by any attempt by any person to restrict, limit or prohibit its lien(s) attaching to a Vessel.

  g) **Section 13.2**

13.2 The laws of the United States, including but not limited to the Commercial Instruments and Maritime Lien Act, shall always apply with respect to the existence of a maritime lien, regardless of the country in which the Seller takes legal action. The Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity, or otherwise, in any jurisdiction where the Vessel may be found.

**E.   INTEREST, LIQUIDATED DAMAGES, AND ATTORNEY'S FEES**

   17.   Pursuant to Section 5.7 of Dan Bunkering's Standard Terms and Conditions of Sale,

Dan Bunkering is entitled to interest at a rate of 2% per month on the invoice.

18. Pursuant to Section 5.3 of Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering is entitled to recover an additional 20% of the total outstanding amount of the invoice as liquidated damages for failure to pay the outstanding sums due under the invoice.

19. Pursuant to Section 5.8 of Dan Bunkering's Standard Terms and Conditions of Sale, Dan Bunkering is also entitled to recover its actual attorney's fees and costs incurred as a result of non-payment of the VLSFO.

## BREACH OF MARITIME CONTRACT

20. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 19 and incorporates those allegations herein.

21. As more fully set forth above, Dan Bunkering supplied VLSFO and MGO to TMM and the Vessel pursuant to Dan Bunkering's Standard Terms. (**Exhibit "1"**).

22. To date, payment of Invoice Nos. 84449, 84614, and 84941 totaling **$560,143.10** remains outstanding. To date, neither TMM nor the Vessel has provided payment to Dan Bunkering.

23. As a result, TMM and the Vessel are liable to Dan Bunkering in the amount of $560,143.10, plus interest at the rate of two (2%) percent per month, compounded monthly for each month, or part thereof. TMM and the Vessel are likewise obligated to pay to Dan Bunkering an additional amount of twenty (20%) percent of the outstanding balance pursuant to Section 5.3 of the Standard Terms (**Exhibit "10"**).

24. Additionally, TMM and the Vessel are liable for the attorney's fees, costs, and other expenses associated with their failure to pay Dan Bunkering for the VLSFO pursuant to Section 5.8 of the Standard Terms (**Exhibit "10"**).

## RULE C ARREST

25. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 24 and incorporates those allegations herein.

26. Defendants' failure to pay the amounts owed to Dan Bunkering for the VLSFO and MGO and related services supplied to the Vessel on orders of persons authorized to procure necessaries on behalf of the Vessel gives rise to a maritime lien in favor of Dan Bunkering in the amount of $560,143.10, plus interest and fees that continue to accrue, under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301 *et seq.*

27. Therefore, Dan Bunkering has a valid and enforceable maritime lien over the Vessel totaling $560,143.10 plus 2% interest, pre and post judgment interest, disbursements, costs, and reasonable attorneys' fees. Dan Bunkering is also entitled to 20% of the total amount outstanding as liquidated damages. Dan Bunkering seeks judgment on this amount plus for all other amounts determined to be due.

28. Plaintiff Dan Bunkering requests that the Vessel be arrested pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and that after due proceedings are completed, that judgment in the amount of $560,143.10 plus 2% interest, pre and post judgment interest, disbursements, costs, and reasonable attorneys' fees be rendered against the Vessel.

29. Pursuant to local rules, Plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all of his deputies from any and all liability as a result of arresting the Vessel as well as any other property of the Defendants within the District.

**WHEREFORE**, Dan Bunkering prays for the following relief:

A. That this Verified Complaint be deemed good and sufficient;

B. Process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rule C of the Supplemental Rues for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, may issue against the ANDINO ALPHA her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances thereto., *in rem*.

C. After due proceedings, there be judgment rendered in favor of Dan-Bunkering (America), Inc. and against the ANDINO ALPHA her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances, *in rem*, and against Transportacion Maritima Mexicana, SA de CV in the amount of $560,143.10, plus interest, liquidated damages, and attorney's fees owed under the Dan-Bunkering (America), Inc.'s Standard Terms and Conditions of Sale dated February 1, 2024, and that the ANDINO ALPHA be condemned and sold to satisfy the judgment to be entered in favor of Dan-Bunkering (America), Inc. in the full amount of its claims, together with interest, costs, and attorneys' fees, as set forth above.

D. That this Court issue a warrant of arrest of all property of Transportaction Maritima Mexican, SA de CV aboard the ANDINO ALPHA.

          Respectfully submitted,

*/s/ Matthew C. Guy*
**ADAMS AND REESE LLP**
MATTHEW C. GUY
Texas Bar No. 24050702
S.D. Tex. Id. No. 622802
ADAM C. MCNEIL
Texas Bar No. 24113306
S.D. Tex. Id. No. 3450873
SKYLAR HOLLAND
Texas Bar No. 24143017
S.D. Tex. Id. No. 3904418
701 Poydras Street, Suite 4500
New Orleans, LA 70139
504-585-0205
Fax: 504-566-0210
Email: matthew.guy@arlaw.com
Email: adam.mcneil@arlaw.com
Email: skylar.holland@arlaw.com

*Counsel for Plaintiff, Dan-Bunkering (America), Inc.*

# VERIFICATION

I, MIKKEL SØHOLM VESTERGAARD, Chief Commercial Officer of Dan-Bunkering. I am authorized by Dan-Bunkering (America), Inc. to make this Verification. The facts set forth in the Verified Complaint are true and correct based upon information known personally to me.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

*/s/ Mikke Søholm Vestergaard*
Mikke Søholm Vestergaard